O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON GUITAR CORP., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIACOM INTERNATIONAL INC., a Delaware corporation; JOHN HORNBY SKEWES & CO., LTD., a United Kingdom corporation,<br><br>　　　　　Defendants.<br>_____ | Case No. CV 12-10870 DDP (AJWx)<br><br>**ORDER GRANTING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**<br><br>[Dkt. No. 13] |

　　　Presently before the court is Defendant Viacom International Inc. ("Viacom")'s Motion to Dismiss Case for Lack of Subject Matter Jurisdiction and, in the Alternative, for Failure to State a Claim on Which Relief May Be Granted.  Having considered the parties' submissions, the court adopts the following order.

**I. BACKGROUND**

　　　Plaintiff Gibson Guitar Corporation ("Gibson") owns trademarks to the Flying V Body Shape Design Trademark, the Flying V Peg-Head Design Trademark, and the word mark FLYING V.  (Compl. ¶ 2.) Defendant Viacom is a Delaware corporation that owns trademarks for

SPONGEBOB SQUAREPANTS. (Id. ¶ 6.) Defendant John Hornby Skewes & Co. Ltd. ("JHS") is a United Kingdom corporation that promotes and sells various products using the SPONGEBOB trademarks. (Id. ¶ 7.) Gibson alleges that Defendants "are or have been advertising and selling" products using the Flying V trademark. (Id. ¶ 24.) In particular, Gibson is concerned with the SpongeBob SquarePants Flying V Ukulele (the "Ukulele"). (Id. ¶ 22, Exh. D.)

Gibson asserts claims for trademark infringement, counterfeiting, false designation of origin, false descriptions of fact and representations and false advertising, trademark dilution, trade dress infringement, and contributory infringement under federal law, analogous state law claims, and accounting.

## II. LEGAL STANDARD AND DISCUSSION

### A. Subject Matter Jurisdiction

Viacom moves to dismiss the Complaint for lack of subject matter jurisdiction under Rule 12(b)(1). "Unless the jurisdictional issue is inextricable from the merits of a case, the court may determine jurisdiction on a motion to dismiss for lack of jurisdiction under Rule 12(b)(1)." Robinson v. U.S., 586 F.3d 683, 685 (9th Cir. 2009). A party may raise a jurisdictional challenge under 12(b)(1) either on the face of the pleadings or with reference to extrinsic evidence. Warren v. Fox Family Worldwide, Inc., 38 F.3d 1136, 1139 (9th Cir. 2003). Where subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of proving its existence. Robinson, 586 F.3d at 685.

Viacom makes a factual challenge to subject matter jurisdiction and argues that it has presented evidence of a lack of jurisdiction that Gibson has failed to rebut. Viacom presents the

2

license agreement between itself and JHS indicating that it licensed SPONGEBOB to JHS for character-identified musical items for use in certain countries but not in the United States. (Decl. Ashley Holman, Exh. A.)

A Rule 12(b)(1) dismissal is not appropriate when "the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits." Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039-40 (9th Cir. 2004)(internal citation and quotation marks omitted). "The question of jurisdiction and the merits of an action are intertwined where a statute provides the basis for both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for relief." Id. (internal citation and quotation marks omitted). Here, Viacom asserts that the court lacks subject matter jurisdiction because there has been no use of the mark in commerce. This jurisdictional requirement is found in the Lanham Act, in the same provision that provides Gibson's cause of action. 15 U.S.C. § 1114 ("Any person who shall, without the consent of the registrant . . . use in commerce any reproduction, counterfeit, copy, etc. of a registered mark . . . shall be liable in a civil action . . . .").

The court therefore finds that the question of jurisdiction and merits are intertwined and that it is not appropriate to dismiss the case for lack of subject matter jurisdiction.

**B. Failure to State a Claim**

Viacom also argues under Rule 12(b)(6) that Gibson failed to state a claim for use of the mark in U.S. commerce or for infringing activity by Viacom. A complaint will survive a motion

to dismiss under Rule 12(b)(6) when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 679. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 678 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 664. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is a "context-specific" task, "requiring the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 663-64.

The complaint makes the following allegations:

7. Upon information and belief, Defendant JHS is engaged in the promotion and sale of various products containing the above listed Viacom trademarks in the U.S., including in this District, through their business, catalogs, distributors and website at www.jhs.co.uk.

11. This action arises out of wrongful acts including: advertising, offering for sale, selling and distributing products by Defendants within this judicial district.

21.  Upon information and belief, Defendants offer for sale and sell products using the Flying V Body Shape Design® Trademark, Flying V Peg-Head Design® Trademark and the word mark FLYING V® ("Defendants' Unauthorized Products.").

22. Upon information and belief, notwithstanding the lack of authorization from Gibson and the fact that said Defendants' Unauthorized Products otherwise are not authorized to be sold utilizing the Gibson Trademarks, Defendants have made repeated unauthorized use of the Trademark in connection with said products, as described below, with the intent to mislead and confuse consumers into believing that said Defendants' Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality control standards or that said Defendants' Unauthorized Products are otherwise authorized or licensed by Gibson and with the intent of misappropriating, for their own benefits, the tremendous goodwill built up by Gibson in the Gibson Trademarks.

23. In particular, Defendants have improperly used the Gibson Trademarks in their advertising and promotional materials for said Defendants' Unauthorized Products as well as on their Internet website at www.jhs.co.uk, and otherwise have falsely stated or implied that said Defendants' Unauthorized Products are made directly by Gibson pursuant to Gibson's strict quality controls standards or that their use of the Gibson Trademarks is authorized or licensed by Gibson.

24. Plaintiff is informed and believes, and thereon alleges that Defendants are or have been advertising and selling the Defendants' Unauthorized Products bearing the Flying V Body Shape Design® Trademark and the FLYING V® Trademark on the www.jhs.co.uk website and its product pages at www.amazon.com.

25. Upon information and belief, the aforementioned misuse of the Gibson Trademarks by Defendants was done with the intent of deceiving or misleading consumers . . . and otherwise attracting and misdirecting consumers looking for genuine or authorized Gibson goods to Defendants' websites.

Viacom asserts that Gibson has not pled that Viacom designed, manufactured, or sold the Ukulele. Gibson alleges that "Defendants" did so, which Viacom claims is a "conclusory lumping together" that is insufficient to meet the pleading standard under Twombly and Iqbal. Viacom also argues that Gibson has failed to allege facts supporting a finding of contributory infringement.

1    The court agrees with Viacom that it is difficult to discern
2 what actions Gibson is alleging were performed by Viacom in
3 particular.  No advertising and promotional materials attributable
4 to Viacom have been specified, and the only website mentioned are
5 www.jhs.co.uk, belonging to Viacom's co-defendant, and
6 www.amazon.com, also apparently associated with JHS products.
7 Compl. ¶¶ 23-24.
8    Given the nature of the Defendants, Viacom being the trademark
9 owner and JHS being a product seller and promoter, the Complaint
10 should specify the different roles of each Defendant in order to
11 state a claim against each.  So far as the court understands the
12 Complaint, the only specific allegation against Viacom is that it
13 licensed SpongeBob to JHS for certain products.  All other
14 allegations appear to be joint allegations against Viacom and JHS.
15 However, it does not appear plausible to the court that the role of
16 each Defendant in the allegations would be identical.  Even without
17 considering the roles as described in the licensing agreement (the
18 authenticity of which Gibson does not dispute for the purposes of
19 this motion), it does not appear plausible that the Defendants'
20 acts were entirely unitary.  To state a claim for relief, Gibson
21 must articulate which acts were performed by which Defendant.
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**IV. CONCLUSION**

The court finds that the Complaint in its current form fails to state a claim for relief. The motion to dismiss under Rule 12(b)(6) is GRANTED with leave to amend. Any amendment must be made within ten days of the date of this order.

IT IS SO ORDERED.

Dated: March 8, 2013

DEAN D. PREGERSON
United States District Judge