O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GIBSON GUITAR CORP., a Delaware corporation, | ) ) ) | Case No. CV 12-10870 DDP (AJWx) |
| Plaintiff, | ) ) | **ORDER DENYING MOTION FOR ATTORNEY'S FEES** |
| v. | ) ) | [Dkt. No. 40] |
| VIACOM INTERNATIONAL INC., a Delaware corporation; JOHN HORNBY SKEWES & CO., LTD., a United Kingdom corporation, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Presently before the court is Defendant Viacom International Inc. ("Viacom")'s Motion for Attorney's Fees. Having considered the parties' submissions, the court adopts the following order.

**I. Background**

Gibson Guitar Corp. ("Gibson") owns the Flying V Body Shape Design Trademark, the Flying V Peg-Head Design Trademark, and the word mark FLYING V. Viacom owns trademarks for SpongeBob SquarePants. Defendant John Hornby Skewes & Co. Ltd. ("JHS") promotes and sells products that use the SpongeBob SquarePants marks. Gibson asserts various claims for trademark infringement

against Viacom and JHS, alleging that Flying V SpongeBob SquarePants ukuleles have been advertised and distributed without Gibson's authorization.

On March 8, 2013, the court granted Viacom's motion to dismiss for failure to state a claim for relief against Viacom. (Dkt. No. 24.) The court found that, because of the Defendants' different roles–Viacom is the trademark owner of SpongeBob SquarePants and JHS is the seller and promoter of the ukuleles–the Complaint had to "specify the different roles of each Defendant in order to state a claim against each." (Id. p. 7.) Since Gibson failed to do so, it failed to state a claim.

Gibson subsequently filed a First Amended Complaint ("FAC"). (Dkt. No. 25.) The FAC alleges that JHS infringed Gibson's Flying V trademarks and that Viacom was contributorily and vicariously liable for the infringement because it "intentionally induced JHS to infringe on Gibson Trademarks by controlling and approving products that infringe on Gibson Trademarks and obtaining license fees for such infringement." (Id. ¶ 40.)

On May 17, 2013, the court found that Gibson had not alleged that Viacom acted in any way beyond its function as a licensor of the SpongeBob SquarePants Trademark. (Dkt. No. 36.) The allegation of control did not exceed the control required to maintain a trademark license. (Id.) Therefore, the court granted Viacom's motion to dismiss the FAC with prejudice.

Viacom filed the instant motion for attorney's fees pursuant to the Lanham Act.

**II. Legal Standard**

The Lanham Act provides that a district court may award attorney's fees to a prevailing party, but only in "exceptional cases." 15 U.S.C. § 1117(a). The courts construe the "exceptional cases" requirement narrowly. Classic Media, Inc. v. Mewborn, 532 F.3d 978, 990 (9th Cir. 2008). A case is exceptional "when the non-prevailing party's case is groundless, unreasonable, vexatious, or pursued in bad faith." Gracie v. Gracie, 217 F.3d 1060, 1071 (9th Cir. 2000); Halicki Films, LLC v. Sanderson Sales and Mktg., 547 F.3d 1213, 1231 (9th Cir. 2008). "A claim is considered factually groundless where there is 'no reasonable basis to believe' in the factual allegations underlying the claim and is considered legally groundless where there is 'no legal basis' for the claim itself, which instead rests on 'absurd' or 'just short of frivolous' contentions of law." Brown v. Elec. Arts, Inc., 722 F. Supp. 2d 1148, 1152 (C.D. Cal. 2010) (quoting Cairns v. Franklin Mint Co., 115 F.Supp.2d 1185, 1188-89 (C.D.Cal.2000)). Thus, if the claim raises "debatable issues of law and fact," then the case is not an "exceptional" one that warrants an award of attorney's fees. Brown, 722 F. Supp. 2d at 1152 (quoting Stephen W. Boney, Inc. v. Boney Servs., Inc., 127 F.3d 821, 827 (9th Cir.1997)).

**III. Discussion**

In its motion for attorney's fees, Viacom argues that both the original Complaint and the FAC were groundless. (Dkt. No. 40-1.) Viacom points out that Gibson withdrew its direct infringement theory against Viacom after the court granted the first motion to dismiss. (Id. pp. 3-4.) Viacom asserts that Gibson, having been made aware that Viacom was a mere trademark licensor, alleged no

3

1  facts in the FAC showing that Viacom had any control over the
2  shapes of the ukuleles manufactured by JHS. (<u>Id.</u> p. 4.) Viacom
3  further argues that because its parent company is a publicly held
4  media company, Gibson had no reason to assume that Viacom was in
5  the business of manufacturing musical instruments. (Dkt. No. 46 p.
6  3.) Viacom also asserts that Gibson's purpose in bringing the
7  secondary infringement claim against Viacom is that Viacom is a
8  deep pocket defendant. (Dkt. No. 40-1 pp. 4-5.)
9       Gibson responds that, through its pre-filing investigation,
10 Gibson obtained a copyright notice sticker inside of the SpongeBob
11 SquarePants ukulele. (Dkt. No. 42 p. 2.) The sticker reveals that
12 Viacom is the owner of the SpongeBob SquarePants copyrights and
13 trademarks and JHS is the distributor of the product. (<u>Id.</u>) Gibson
14 states that because the sticker does not indicate who the
15 manufacturer is, it was reasonable for Gibson to assume that Viacom
16 has control over the manufacture of the ukuleles. (<u>Id.</u>)
17      The court finds that Gibson's case against Viacom is not
18 "exceptional" in the sense of the Lanham Act. The fact that
19 allegations are insufficient to survive a motion to dismiss does
20 not in itself render a complaint groundless under Lanham Act.
21 <u>Brown</u>, 722 F. Supp. 2d at 1152. "Otherwise, every case in which a
22 motion to dismiss a Lanham Act claim was granted would be
23 considered an 'exceptional' case and soon the exceptional would
24 become the ordinary." <u>Id.</u>; <u>see also</u> <u>Newborn v. Yahoo! Inc.</u>, 437 F.
25 Supp. 2d 1, 7-8 (D.D.C. 2006) (holding that, even though the case
26 was "wholly without merit," contained "vague allegations," and was
27 dismissed with prejudice, the defendant was not entitled to
28

4

attorney's fees under the Lanham Act because the case was not "exceptional").

Here, the dismissal of Gibson's allegations does not suffice to show that the Complaint or FAC is so groundless as to warrant the award of attorney fees to Viacom. See Brown, 722 F. Supp. 2d at 1152. Indeed, the defendants are "rarely awarded attorney fees in trademark infringement cases." Banff, Ltd. v. Colberts, Inc., 810 F. Supp. 79, 80 n. 2 (S.D.N.Y. 1992) (citation omitted); see also, Stephen W. Boney, Inc., 127 F.3d at 827 (holding that the case was not exceptional because no evidence proved that the plaintiff's purpose was other than the legitimate objective of preserving his potential trademark right, even though the defendant asserted that the plaintiff filed the lawsuit to harass the defendant); Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc., 781 F.2d 604, 612 (7th Cir. 1986) (holding that even if the plaintiff's case was "weak" and not subject to any trademark protection, the action was not so frivolous as to entitle the defendant to award of attorney fees); Coach, Inc. v. Asia P. Trading Co., Inc., 676 F. Supp. 2d 914, 928 (C.D. Cal. 2009) (denying the defendant's request for attorneys' fees because, even though the court found the plaintiffs' arguments unpersuasive, there was no evidence that "in the course of making their arguments plaintiffs misrepresented facts that they knew to be false").

Further, the cases relied on by Viacom for an award of fees are distinguishable. Those cases involved both groundless claims and significant expenditure of resources. For example, in Secalt S.A. v. Wuxi Shenxi Const. Mach. Co., Ltd., 668 F.3d 677 (9th Cir. 2012), a hoist manufacturer sued its competitor, claiming trade

5

dress protection for the exterior appearance of its hoist. Id. at 681. The manufacturer failed to provide any legitimate evidence to support its trade dress claim after "almost two years" of discovery, multiple depositions, and substantial document production. Id. at 688. In addition, months before the summary judgment proceedings, in a separate action regarding the same trade dress, a different court had found that there was "an utter failure of evidence" because each of the features of the alleged trade dress served a function in the operation of the hoist. Id. The manufacturer nonetheless continued prosecuting its claims. Id. at 687. The Circuit found the case was "a conscious, albeit misguided, attempt to assert trade dress rights in a non-protectable machine configuration" and affirmed the award of attorney's fees in favor of the competitor. Id. at 689.

    Here, unlike the manufacturer in Secalt S.A. who persisted in pursuing trade dress protection in non-protectable appearance of a machine despite of the lack of evidence after almost two years of discovery and a previous court finding of "utter failure of evidence," id. at 688, Gibson has not conducted discovery because its claims were dismissed at the early pleading stage of the litigation. There is no evidence that Gibson pursued its claims against Viacom for harassment or any other illegitimate purposes, and no prior finding of utter failure of evidence by another court. Thus, the court finds that this case does not meet the "exceptional" requirement as demonstrated in Secalt S.A.

    This case is also distinguishable from Cairns v. Franklin Mint Co., 292 F.3d 1139 (9th Cir. 2002), when the late Princess Diana's memorial fund sued a private mint for alleged violations of the

6

Lanham Act. Id. at 1144. The Ninth Circuit affirmed the summary judgment for the mint on the claims for false advertisement and dilution of trademark. Id. at 1156. The Ninth Circuit affirmed the finding that the dilution of trademark claim was legally groundless and unreasonable because it was based on the "absurd" and "just short of frivolous" contention that the words "Diana, Princess of Wales" would no longer primarily identify the individual, Princess Diana, but instead primarily identify her "charitable and humanitarian services." Id. The Ninth Circuit concluded that, based on these findings, the district court's award of attorney's fees was justified. Id.

Here, unlike the contention in Cairns that was found to be "absurd" and "just short of frivolous," id., Gibson's allegations were only found to be insufficient to state a claim against Viacom. While it was frivolous to claim that the words "Diana, Princess of Wales" were being primarily associated with charitable activities rather than the late Princess herself, here, in contrast, it is not inconceivable that Viacom would be involved in or have control over the manufacture of the SpongeBob ukuleles.

The attorney's fees provision of 15 U.S.C. §1117 was intended to encourage trademark owners to enforce their trademark rights. S. Rep. No. 93-1400 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7136. "Mass demand, mass advertising and the increasingly large variety of goods available make the trademarks of crucial importance to manufacturers, distributors and the consuming public. . . . Effective enforcement of trademark rights is left to the trademark owners and they should, in the interest of preventing purchaser confusion, be encouraged to enforce trademark rights." Id. The

7

provision also protects prevailing defendants "against unfounded suits brought by trademark owners for harassment and the like." Id. If the courts were to treat every lawsuit that failed to state a claim as an exceptional case justifying an award of attorney's fees, trademark owners would be reluctant to risk asserting their rights and the public's interest in being free of source confusion would be compromised.

The court finds that this case is not groundless, unreasonable, vexatious, or pursued in bad faith. Accordingly, the court finds this case is not an "exceptional" case in which the award of attorney's fees is justified.

**IV. Conclusion**

For the reasons stated above, Viacom's Motion for Attorney's Fees is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2013

DEAN D. PREGERSON
United States District Judge