O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIBSON GUITAR CORP., a Delaware corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>VIACOM INTERNATIONAL INC., a Delaware corporation; JOHN HORNBY SKEWES & CO., LTD., a United Kingdom corporation,<br><br>            Defendants.<br>_____ | Case No. CV 12-10870 DDP (AJWx)<br><br>**ORDER DENYING MOTION FOR CERTIFICATION**<br><br>[Dkt. No. 48] |

Presently before the court is Plaintiff Gibson Guitar Corp. ("Gibson")'s Motion for Certification under F.R.C.P. 54(B) of the Court's May 17, 2013 Order. Having considered the parties' submissions, the court DENIES the Motion.

In the court's May 17, 2013, Order, the court granted Defendant Viacom International Inc. ("Viacom")'s motion to dismiss Gibson's first amended complaint ("FAC"). The FAC alleged that John Hornby Skewes & Co., LTD ("JHS") infringed on Gibson's FLYING V trademarks through the SpongeBob SquarePants Flying V Ukulele, and that Viacom, owner of the SpongeBob trademarks, was vicariously

and contributorily liable.  The court dismissed Viacom as a defendant.  At the time of this Order, JHS remains a defendant and has not yet answered the FAC.

Gibson moves for certification of the order dismissing Viacom. Rule 54(b) provides, in relevant part:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express determination for the entry of judgment.

Fed. R. Civ. P. 54(b).  "A district court must first determine that it is dealing with a 'final judgment,'" and then "whether there is any just reason for delay."  Curtiss-Writght Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980).  "Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." Id. at 8.  "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties."  Morrison-Knudsen Co., Inc. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The parties agree that the court's judgment dismissing Viacom is a final judgment in the sense of Rule 54(b).  The issue is whether there is any just reason for delay.  Viacom argues that certification of an appeal would waste judicial resources. Gibson's claims against Viacom are for vicarious infringement and contributory liability.  If the remaining defendant JHS is not found to be a direct infringer, then the issue of Viacom's

secondary liability is moot.  For this reason, Viacom argues, it would be more efficient to obtain a determination on that claim before allowing an appeal as to Viacom's liability.

Gibson argues that it would be prejudiced if it must wait until after the JHS trial on direct infringement because it will be unable to pursue discovery and a trial against Viacom without certification.  It also expresses concern that if JHS were found to be a direct infringer, and if Viacom were later found to be vicariously or contributorily liable, there would have to be a new trial on the merits of the direct infringement claim because Viacom would not have been a party to that action and collateral estoppel would not apply.

Despite these concerns, the court finds that this is not a case where equity or efficiency require the certification of an appeal.  Gibson has not convinced the court that the dismissal of Viacom was a close call.  Additionally, for an appellate reversal to have any impact on the action, JHS would have to be found to be a direct infringer.  For these reasons, the court finds that certification is not appropriate and DENIES the motion.

IT IS SO ORDERED.

Dated: August 6, 2013

DEAN D. PREGERSON
United States District Judge

3